IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT HOUSTON, as Personal Representative of the ESTATE OF RHONDA HOUSTON,<br><br>Plaintiff,<br><br>v.<br><br>MYLAN, INC., MYLAN PHARMACEUTICALS, INC., and MYLAN TECHNOLOGIES, INC.,<br><br>Defendants. | CASE NO. 8:09CV306<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendants' Motion to Strike Plaintiff's First Amended Complaint and Jury Demand (Filing No. 32). The Defendants Mylan, Inc., Mylan Pharmaceuticals, Inc., and Mylan Technologies, Inc., (collectively "the Mylan Defendants") ask the Court to Strike Plaintiff's First Amended Complaint (Filing No. 30, filed on November 25, 2009), noting that on November 20, 2009, this Court granted, in part, the Mylan Defendants' Motion to Dismiss and ordered the Mylan Defendants to answer the balance of the Complaint (Filing No. 1) by December 4, 2009. (See Memorandum and Order at Filing No. 27). The Court will not await a response to the Motion to Strike, because it will be denied as a matter of law.

Before December 1, 2009, Fed. R. Civ. P. 15(a)(1) provided that a "party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading[.]"  A motion to dismiss is not a "responsive pleading" for purposes of Fed. R. Civ. P. 15(a)(1). (*Winfrey v. Brewer*, 570 F.2d 761, 764, n.4 (8th Cir. 1978)("A motion to dismiss is not a 'responsive pleading' for purposes of this rule."))

Amendments to Fed. R. Civ. P. 15(a)(1) took effect on December 1, 2009, limiting the time in which a party may amend its pleading as a matter of course. Because the Plaintiff filed his Amended Complaint before December 1, 2009, however, and because the Plaintiff specifically *did not* invoke the Court's discretionary authority[1] under Fed. R. Civ. P. 15(a)(2), the Amended Complaint found at Filing No. 30 is now the operative pleading and the Defendants will be required to respond to it.

IT IS ORDERED:

1. The Defendants' Motion to Strike Plaintiff's First Amended Complaint and Jury Demand (Filing No. 32) is denied; and
2. The Defendants will respond to the Plaintiff's Amended Complaint (Filing No. 30) on or before December 23, 2009.

Dated this 9th day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court

---

[1] See *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002)("[S]eeking leave to amend does not, by itself invoke the district court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of Rule 15(a)," but plaintiff "specifically asked the district court to apply a legal standard [Fed. R. Civ. P. 15(a)(2)] that is completely different from the one it now urges . . . on appeal."